WILLIAM J. and JOSEPH C. HOGAN *v.* MARTHA KIRKLAND.

The defendant, by a decree in the Supreme Court, had recovered of the plaintiffs, a sum of money; whilst the execution was in the hands of the sheriff, the plaintiffs recovered from the defendant, by judgments before a magistrate, a like amount,—being for items in their account not allowed in the case in the Supreme Court; these latter judgments were docketed, and executions were taken out upon them and returned *nulla bona*; the plaintiffs then asked for an order to have the amount of the decree in favor of the defendant *applied* to their judgments, (C. C. P., s. 264): *Held,* that they were entitled to such relief.

Objections,—that the judgments were obtained *subsequently* to the decree, and,—that the latter was rendered in *Equity*—as also, in a *Supreme* Court, are not material.

(See *Hogan* v. *Hogan,* 63 N. C. 222.)

WILLIAM J. and JOSEPH C. HOGAN *v.* KIRKLAND.

MOTION heard by *Tourgee, J.,* at Fall term 1869, of ORANGE Court.

The plaintiffs' affidavit stated the existence of Justice's judgments, dated July 2d 1869, in favor of the plaintiffs against the defendant, amounting to about $1,181.00; that they had been docketed, and executions had issued thereupon and been returned without satisfaction; also, that at June term 1869, of the Supreme Court, a decree had been rendered in favor of the defendant against the plaintiffs, for some $1,000 and interest, and that execution therefor is in the hands of the sheriff, and has been levied &c; that the defendant refuses to allow of an application of the plaintiffs' claim to that held by her.

An order was asked for an application, and in the meantime for a restraint of the sheriff from selling under the decree.

His Honor granted a preliminary order of restraint, &c.

At Fall term, the defendant filed an affidavit, stating that her demand (under the decree) was for *a legacy* in the plaintiffs' hands as executors &c; that the claims now sought to be applied, had been brought forward in the equity suit by the plantiffs, and were then rejected, &c.

Thereupon, on motion by the defendant, his Honor vacated the order of restraint, and also dismissed the proceedings.

The plaintiffs appealed.

*Phillips & Merrimon and Argo,* for the appellants.
*Graham, contra.*

PEARSON, C. J. The defendant, if well advised, would have applied for a re-hearing before the Justice, according to the provisions of section 508, C. C. P., and relied as a defence, on the decree in *Hogan v. Hogan,* 63 N. C. 222, and upon the fact that her debts, which had been paid off by the officious acts of the plaintiff, were extinguished. She failed

to do so. The judgments were docketed in the office of the Superior Court Clerk for the county of Orange, and thus became "judgments of the Superior Court in all respects;" C. C. P., Sec. 503. The matter is *res adjudicata*, and any defence she might have made before the Justice, is excluded.

So we have this case: The plaintiffs hold judgments against a defendant for $1,181, upon which executions are returned "nothing found." The defendant holds a decree against the plaintiffs for. $1,000, upon which execution has issued. Thereupon, the plaintiffs, by proceedings in the nature of a judicial attachment, according to the provisions of section 264, C. C. P., ask for "*an application*" of the decree to their judgments, and for a provisional remedy to restrain execution on the decree, until the rights of the parties are decided. His Honor granted the injunction, but, afterwards, on affidavits, "ordered and adjudged that the order of restraint heretofore granted be vacated, and that the motion for application made in and by the complaint of the plaintiffs, be dismissed."

No sufficient ground to support the ruling of his Honor was suggested on the argument, nor are we able to conceive of one. The Code makes provisions for applying debts due to the debtor, in discharge of a judgment against him. Why should not this be done in our case? The plaintiffs owe her, and she owes them—a clear case for application, except so far as she may be entitled to have a part assigned to her as exempted from execution, which question is not now before us.

Mr. Graham, on the argument, made the following points, which we will notice *seriatim,* because of the earnestness with which he pressed them :

1. " A Superior Court of Equity will not permit its decrees to be defeated in execution, by any inferior Court."

Under the old mode of procedure, it was of every day occurrence for a defendant, after a judgment at law, to set up by bill, some equity, and in the meantime to restrain the

plaintiff from enforcing collection until the equity was adjudicated: no one ever imagined that it made any difference whether it was a judgment of a Superior Court, or of the Supreme Court, for the Court of Equity did not presume to act upon the courts of law, but acted only upon the parties. In our case, his Honor in making the order of restraint was by no means obnoxious to the charge of insubordination or of presuming "to defeat in execution a decree of a Superior Court," for his action fully admits the validity and binding force of the decree of the Supreme Court, and was merely subsidiary to the right of the plaintiffs to have *an· application,* under the Code. If his Honor vacated the order of restraint on the ground of a want of a due subordination, he labored under an entire mistake.

2. "Leave was reserved to the defendants in the suit of *Hogan* v. *Hogan, and Kirkland* to show, if they could, any equities which should defeat the plaintiff's right to execution. No such showing was attempted."

The expression in the opinion delivered in that case : *"If he has paid the legacy to her,* he will be entitled to have the payment allowed when the execution shall be moved for," has reference to a suggestion made on the argument, and is not noticed in the decree. The present proceeding is not based on the idea of a payment of the legacy, but on the ground that by the Code a chose in action, whether the evidence of it be a note, judgment or *decree,* is subjected to the payment of judgments.

"A set-off at law must exist when the plaintiff's action is brought; in equity, every set-off, or counter-claim must be shown before decree, and this is also the case under the Code of Civil Procedure, Sec. 101. In case of a mistake, or newly discovered evidence, there is the right of petition to rehear, or bill of review; but the decree otherwise is a final determination. The plaintiff might sue out an attachment to enforce it, instead of the milder course of *fi. fa,,* which has been adopted. The claim in our case is not one

of set-off at law or in equity, or a set-off or counter-claim under the Code, but is a proceeding in the nature of a judicial attachment for the purpose of making an application of the amount due to the defendant, to the judgments of the plaintiffs.

4. "No cases of application can be made of a claim or a judgment subsequently acquired."

We see nothing in the Code which forbids the doctrine of "application on the ground that the claim or judgment was subsequently acquired—that is, as we understand the position, after the decree in favor of the defendant was made. Suppose, after the decree against the plaintiff, they bought up debts against Mrs. Kirkland, obtained judgments before a Justice, and had them docketed as judgments of the Superior Court, which remain unsatisfied and unreversed: after executions against Mrs. Kirkland returned "nothing found," why should not the plaintiffs have the right to attach the decree in her favor, and have it applied under C. C, P., § 264? The original creditors had this right, and we can see no reason why the plaintiffs, as assignees, may not enforce it.

Mrs. Kirkland has no ground of complaint, if she is thus compelled to pay her debts.

There is error.    Order in the Court below reversed.    This opinion will be certified, &c.

PER CURIAM.                              Order reversed.