GLENN v. COMMISSIONERS.

(Filed October 31, 1905).

*County Commissioners—Public Bridges—Ultra Vires Acts —Mandamus to Repair Bridge—Injunction to Restrain Erection of Bridge.*

1. A Board of Commissioners has no power to enter into a contract with a citizen to perpetually maintain and keep in repair a public road or bridge giving to such citizen a cause of action against the county whenever, in the exercise of its discretion in the interest of the public, the same or another board shall deem it proper to discontinue such road or bridge.

2. Where a citizen at his own expense constructed a bridge and opened up the public roads over his lands leading to the bridge on both sides of the river and the board of commissioners accepted said bridge as a public bridge and have kept it in repair ever since, the fact that the commissioners paid him only a part of the cost of its construction did not change its character as a part of the public highway, subject to the control of the commissioners, as all other bridges in the country.

3. The plaintiff is not entitled to a mandamus commanding the board of commissioners to repair the bridge.

4. A citizen is not entitled to an injunction restraining a board of commissioners from proceeding to erect a bridge across a river at a certain point, though there is no public highway leading to such point, where the court finds that the board has in contemplation, the opening of a public road to such point, and that arrangements have been made for that purpose.

5. The order in which work upon the public highways is to be performed is within the sound discretion of the county commissioners and a finding by the court that they have exercised this discretion honestly and in a manner which they conceived to be for the best interests of the people of the county, excludes any interference by the courts.

ACTION by E. F. Glenn against Board of Commissioners, pending in the Superior Court of MOORE County, heard by *Judge Walter H. Neal,* at Chambers, at Monroe, on the 28th day of August, 1905.

This is an action prosecuted by plaintiff in his individual right, and as a tax payer of Moore County, for the purpose of having a mandamus directed to the defendant board of commissioners, commanding it to repair a public bridge over Deep River, and an injunction restraining said defendant from erecting another bridge over said river, some distance below the present one. The cause coming on to be heard before *Judge Neal* upon an order to show cause, he found the following facts:

"That about the year of 1882 or 1883, a bridge was constructed over Deep River in Moore County, at Glenn's Mill.

That Dr. R. W. Glenn, the father of the plaintiff, constructed the said bridge at a cost of about $4,000.

That after the construction of the said bridge, the Board of Commissioners made an order in favor of the said Dr. R. W. Glenn, on the treasurer of the said county, for the sum of $1,250.00 toward the amount expended for the erection of the said bridge.

That at the time of the building of the bridge aforesaid, and the issuing of the order aforesaid, the said Dr. R. W. Glenn was the owner of the lands on both sides of the river at the place where the said bridge was constructed.

That at the time of the construction of the said bridge and the issue of the said order, or shortly before or after said times, the said Dr. R. W. Glenn opened up the public roads over his said lands leading to the bridge on both sides of the said river, and the said board accepted said roads as public roads, and have used and worked the same as public roads ever since.

That since the said time the public has used the said bridge.

That the plaintiff is now the owner of the lands referred to as owned by Dr. R. W. Glenn, on both sides of the river, having acquired ownership as one of the heirs of Dr. R. W. Glenn, and by purchase from the other heirs.

That the plaintiff is a freeholder of the county of Moore, and a tax payer therein.

That the proposed new bridge contracted for by the defendant board is about one-half mile from the old bridge at Glenn's Mill.

That after the building of the said bridge, and after it had been received as a public bridge by the Board of Commissioners of Moore County, the said Dr. R. W. Glenn, the plaintiff and the co-owners of the property, as set forth in the complaint, constructed the buildings on their real property, on both sides of the river at Glenn's Mill, and made the improvements alleged in the complaint, or some of them.

That the buildings were constructed and the improvements made with reference to the said contract and the bridge at Glenn's Mill.

That a failure to keep the bridge in repair at Glenn's Mill will damage the plaintiff in his property.

That the bridge so constructed at Glenn's Mill in 1882 or 1883, became the property of the county.

That the Board of Commissioners since that time made frequent repairs on said bridge.

That the Board of Commissioners of Moore County, upon complaint made as to the condition of said bridge, appointed a special committee to examine said bridge and report to the board, and that said committee made the report attached to the answer of said board, marked Exhibit "A" and made a part thereof.

That thereafter the commissioners of said county made personal examination of the site of the old bridge, and the site of the proposed new bridge and the other sites, and thereafter, on the 3rd day of July, 1905, made the order attached to the complaint, marked Exhibit "A."

That on the 3rd day of July, 1905, the defendant entered into the contract attached to the answer, Exhibit "C."

That the Board of Commissioners of Moore County has found the facts: (1) That the construction of a bridge over Deep River, at a point near Glendon, in Moore County, is a public necessity. (2) That the proper site for said bridge is at the Hancock old bridge site, near the Tyson place.

That the old bridge at Glenn's Mill is out of repair.

That it is not the intention of the Board of Commissioners to discontinue the public roads leading to Glenn's Mill.

That there is no public road in use leading to the site which has been selected for said bridge, but said board has in contemplation the opening of public roads to and from said bridge; that the owner of the property on the north side of said bridge has agreed with said board to donate to the county sufficient land for the construction of a road to said bridge, and that arrangements have been made for the construction of said road without expense to the county. That on the south side of the river there is a distance of perhaps 150 yards, between the site selected and the public road, and

that a petition has been filed before the Board of Commissioners, praying that a public road be opened over the plaintiff's land so as to connect the site of said bridge with said public road, and that said petition is now pending before the board, and the board has in contemplation the construction of a public road leading to the proposed bridge.

That the proposed new bridge contracted for by the defendant board, is about one-half mile from the old bridge at Glenn's Mill.

That the said defendant Board of County Commissioners acted honestly and for what they conceived to be for the best interest of the people of Moore County."

Plaintiff requested the court to find certain other facts not necessary to be set out. His Honor upon the findings dissolved the restraining order, and refused to grant an injunction to the hearing. Thereupon the defendant demurred *ore tenus* and moved the court to dismiss the action because the complaint did not set forth facts sufficient to constitute a cause of action. Motion allowed and plaintiff appealed.

*U. L. Spence* and *Seawell & McIver* for the plaintiff.
*W. J. Adams* for the defendant.

CONNOR, J., after stating the facts: Two causes of action are set forth in the complaint, although not stated separately as directed by The Code. The plaintiff first relies upon the contract made with his ancestor, during the year 1882, by which he insists that the county of Moore is obligated to maintain and keep in repair the public bridge across Deep River, which was, pursuant to said contract, built by his father, who then owned the land upon which he erected a public mill. That performance of this contract may be specifically enforced by the writ of mandamus. This claim is entirely independent of the demand that the defendant be

enjoined from erecting a second bridge one-half mile below the present bridge. It is very doubtful whether the two causes of action, one to enforce a contractual right having no connection with his right, as a tax payer, in common with all other citizens of the county, and the other dependent entirely upon such relation to enforce the performance of a public duty, can be joined. As His Honor disposed of the cause upon a broader ground, we prefer not to pass upon this question of pleading. We do not think it competent for a Board of Commissioners to enter into a contract with a citizen, to perpetually maintain and keep in repair a public road or bridge, giving to such citizen a cause of action against the county whenever, in the exercise of its discretion in the interest of the public, the same or another board shall deem it proper to discontinue such road or bridge. The power vested in and duty imposed upon boards of commissioners to open and maintain roads and erect and keep in repair public bridges, is for the benefit of the public, and they have no power to exercise it for any other purpose, or to bind their successors in that respect. The Legislature, and the commissioners are but its agents, cannot do so. In *Bridge Co. v. Commissioners,* 81 N. C., 491, this court held that "the essential powers of government conferred for wise and useful purposes, should remain undiminished and unimpaired in the legislative body itself and pass in full force to its successors. When a contract undertakes to alienate any of these it is inoperative, and as no right vests, so no obligation is created under it." The exact question is settled by *Smith, C. J.,* citing with approval Greenleaf's Cruise, in which it is said: "It is therefore deemed not competent for a Legislature to covenant that it will not, under any circumstances, open another avenue to the public travel within certain limits, or a certain term of time, such being an alienation of sovereign powers and a violation of public duty." It does not very clearly appear that the contract made in 1882, by the commis-

sioners with plaintiff's ancestor, constituted a covenant running with the land or that it extended beyond his own life. In no point of view can the plaintiff maintain his first alleged cause of action. The bridge, considered either upon the averments of the complaint, or the findings of fact by His Honor, became, upon its completion, a part of the public highway, subject to the control of the commissioners, as all other bridges in the county. The fact that the commissioners paid only a part of the cost of its construction, did not change its character. *Stratford v. Greensboro*, 124 N. C., 131; *Trustees v. Realty Co.*, 134 N. C., 41.

For a second cause of action, plaintiff sues in his right as a tax payer to enforce the performance of a public duty. While the right to enforce by mandamus the discharge of a ministerial duty by a public officer is well settled and often exercised, it is equally well settled that when any discretion is vested in such officer in regard to the manner of performance, the courts will not order a mandamus. The duty to open and to discontinue highways and bridges, is vested in the commissioners of each county. Code, sec. 17, subsec. 15, chap. 50. The wilful failure to discharge this or any other public duty is a misdemeanor, and upon conviction, removal from office follows. Code, sec. 1090. A commissioner failing to discharge any duty imposed upon him by law, may also be sued for a penalty of $200. Code, sec. 711; *Turner v. McKee*, 137 N. C., 251. In *Brodnax v. Groom*, 64 N. C., 244, *Pearson, C. J.*, discussing the power of the court to regulate the manner in which county commissioners discharge the duty of building public bridges, says: "Who is to decide what are the necessary expenses of a county? The county commissioners, to whom are confided the trust of regulating all county matters. Repairing and building is a part of the necessary expenses of a county, as much as keeping the roads in order, or making new roads; so the case before us is within the power of the county commissioners. How can this court

undertake to control its exercise? Can we say, such a bridge does not need repairs; or that in building a new bridge near the site of an old bridge it should be erected, as heretofore, upon posts, so as to be cheap, but warranted to last for some years, or that it is better policy to locate it a mile or so above, where the banks are good abutments, etc. * * * In short, this court is not capable of controlling the exercise of power on the part of the General Assembly, or of the county authorities, and it cannot assume to do so," etc. To the same effect is *Buckman v. Coms.,* 80 N. C., 121; *Vaughn v. Coms.,* 117 N. C., 429; *Black v. Coms.,* 129 N. C., 121. The power of the court to direct a mandamus to a board of commissioners when discretion is vested in it, in respect to the manner of discharging a public duty, is fully discussed by *Mr. Justice Walker* in *Barnes v. Commissioners,* 135 N. C., 27. The authorities are carefully collected and the principles by which the action of the courts is controlled, clearly announced. In *State v. Town,* etc., 44 Minn., 549, the power of the courts to mandamus town commissioners to construct a public bridge was denied, the court saying: "It is unnecessary for us to consider under what circumstances, if at all, the courts will assume to control these officers in the exercise of the duties imposed upon them in respect to highways, and which, from their very nature, must be largely discretionary. It is certain that this should not be done unless the particular act, the performance of which is sought to be enforced, is so plainly and imperatively required, that a refusal or neglect to do it cannot be reasonably based upon grounds of discretion." The same conclusion was reached in *State v. County Court,* 33 W. Va., 589, in which it is said: "It may be that the county court has acted erroneously and even in disregard of the best interests of the people of the county, but having a discretionary power, it cannot, while legitimately exercising that power, however erroneously or contrary to the best interets of the county, be controlled by mandamus." In *State v.*

*Coms.,* 119 Ind., 444, it is said: "It appears from the facts found, that the Board of Commissioners in the exercise of their discretion, refused to order the bridge repaired. The present is therefore not a case where the commissioners refused to act, but is one in which they did not act in a manner to suit the relators, who now ask the court to compel them to reverse their former action. This cannot be done by mandamus proceedings." Smith on Mun. Corp., section 1564; 19 A. & E. Enc. (2nd Ed.), 813. While we hold in accordance with the authorities cited, in the light of the facts in this case, as developed either by the complaint or the facts found by the judge, that the plaintiff is not entitled to a mandamus commanding the commissioners to repair the bridge, we do not hold that in no case can such relief be granted. If the Legislature had directed a bridge to be built and maintained in proper condition for public travel as a part of a public highway, and provided the money or directed that a special tax be levied for that purpose, we would not hesitate to direct the writ to issue, commanding the board to discharge the imposed duty. The county, being an agency of the State, and the commissioners being, in respect to the opening and maintaining highways, State officers, may be compelled by mandamus to discharge such duty when no discretion is vested in them, as in *Tate v. Coms.,* 122 N. C., 812. In that case the General Assembly had by special act directed the commissioners of Haywood County to levy a special tax for the purpose of keeping in repair the public roads. The plaintiff applied to the court for a mandamus as in this appeal. The present *Chief Justice,* speaking of the status of counties, said: "They are subject to legislative authority which can direct them to do, as a duty, all such matters as they can empower them to do." Referring to *Brodnax v. Groom, supra,* he says: "It merely holds that as to those matters which the status has legally committed to the discretion of the county commissioners, the courts cannot interfere to re-

strain or supervise the exercise of that discretion. But this is no authority that the law making power cannot restrict the authority it confers upon the county commissioners by making the manner of working the roads mandatory in any county." *Jones v. Coms.*, 137 N. C., 579; *People v. Supervisors*, 142 N. Y., 271. In this case the power and duty of the commissioners being dependent upon the general law by which a discretion is vested in them, there is no power in the courts to interfere by mandamus. *Ewbank v. Turner*, 134 N. C., 85. The same reason and authorities bring us to the conclusion that His Honor properly denied the injunction restraining the defendant from proceeding to erect the bridge across the river as contracted for with the defendant Construction Company. It is true that the power to construct bridges is confined to public highways, and if it were made to appear that the defendant board was threatening to expend the public revenues to construct a bridge over a river at some point to which there was no approach or means of exit by the public, the courts would enjoin it as *ultra vires*. The power conferred by chapter 50 of The Code, to build and keep up bridges, refers exclusively to public bridges. This is manifest from the language of section 2034 of The Code. It is also true that His Honor finds that at this time there is no public highway leading to the point upon the banks of the river at which the proposed new bridge is to be built, but he also finds that the board has in contemplation the opening of a public road to such point, and that arrangements have been made for that purpose, that a petition has been filed and is now pending before said board for that purpose. The order in which the work is to be performed is within the sound discretion of the commissioners, and His Honor finds that they have exercised this discretion honestly and in a manner which they conceived to be for the best interests of the people of the county. This finding excludes any interference by the courts. It will be manifest, upon slight consider-

ation that an attempt on the part of the court to direct or control the exercise of such discretion, would lead to confusion and conflict highly injurious to the public welfare. We find no error in His Honor's judgment in that respect, nor do we find any error in the·ruling rejecting the testimony proposed to be introduced by plaintiff. We notice that the summons is made returnable in term and not, as in cases where mandamus, for other than money demand, is prayed before the judge at chambers as provided by Code, section 623. This was doubtless because of the joinder of a prayer for injunctive relief. We are not quite sure that His Honor upon the hearing at Monroe, of the motion for writ of mandamus and injunction, should have dismissed the action. The cause should regularly have been docketed in Moore County at the time the summons was issued. It would have been more orderly for His Honor to have transmitted· the orders made at Monroe to the clerk to be duly noted, and at the next term judgment dismissing the action, unless the complaint was by leave of court amended, be entered. *Ewbank v. Turner,* 134 N. C., 77.

We concur with His Honor that upon the allegations in the complaint the plaintiff was not upon either cause of action entitled to the relief demanded. There is

No Error.