J. R. DAVENPORT ET AL. v. COMMISSIONERS OF PITT COUNTY.

(Filed 1 October, 1913.)

1. Injunction—Findings of Fact—Appeal and Error.

While the findings of fact of the Superior Court judge are not controlling on appeal from an injunction order, they are entitled to consideration in the Supreme Court.

2. County Commissioners — Bridges—Discretionary Powers—Good Faith—Courts—Appeal and Error.

The courts will not review the action of county commissioners in building a bridge wholly situated in the county, to take the place of a public ferry for many years operated across a stream, where there is no evidence of fraud or oppression; such matters being entirely within the discretionary powers conferred by law upon the commissioners, when exercised in good faith.

. APPEAL by plaintiff from *O. H. Allen, J.,* at March Term, 1913, of PITT.

Civil action seeking an injunction. The court found the following facts:

1. That the resolution in controversy was passed by the board of commissioners on 14 November, 1912, it being an adjourned meeting from the regular meeting which was held on Monday, 4 November, 1912.

2. That on the first Monday in December, 1912, there was a motion by plaintiffs to rescind the action of the commissioners in passing the resolution in controversy, and on said motion being made all action on said resolution was deferred.

3. That said commissioners in passing said resolution on 14 November, acted in good faith and within the discretion vested in them by law.

4. That the defendants, the present board of commissioners of Pitt County, have acted in good faith and within the discretion vested in them by law in regard to the resolution in controversy.

5. That Boyd's Ferry is a public ferry and the roads leading up to said ferry on the north and south side of said ferry are public roads.

6. That a bridge at Boyd's Ferry is a public necessity.

It is therefore, on motion of Julius Brown, attorney for the board of commissioners of Pitt County, ordered, adjudged, and decreed that the restraining order heretofore made in the above entitled action be and the same is hereby dissolved and discharged, and that this action be dismissed at the cost of the plaintiffs, to be taxed by the clerk of this court.

O. H. ALLEN,
*Judge Presiding.*

From an order dissolving the injunction, the plaintiffs appealed.

*Albion Dunn, Harry Skinner for plaintiffs.*

*Julius Brown, F. G. James & Son, Jarvis & Wooten for defendant.*

BROWN, J. The object of this action is to enjoin the defendant from constructing a public bridge in lieu of a public ferry which has been operated for many years across Tar River at Boyds Ferry, wholly within the county of Pitt.

We have examined the affidavits printed in the record, and can find no evidence of fraud or corruption, or of a gross abuse of discretion, and we fully concur in the finding of his Honor that the defendants have acted in good faith and within the discretion vested in them by law in regard to the wisdom and feasibility of erecting the bridge.

While the findings of fact of the judge of the Superior Court are not binding on us in injunction orders, we give them due weight and consideration, and we fully concur in those made in this case.

In adopting the resolution to build the bridge, the defendants acted well within their legal powers. In the absence of fraud, or oppression, it is a matter within their sound discretion, and will not be reviewed by us. *Glenn v. Commissioners,* 139 N. C., 412; *Brodnax v. Groom,* 64 N. C., 244; 7 Am. and Eng. Ency. of Law, 1009; 16 Am. and Eng. Ency. of Law, 423.

In discussing the discretion of county commissioners in building bridges, in *Brodnax v. Groom,* 64 N. C., 250, *Judge Pearson* says: "In short, this Court is not capable of controlling the exercise of power on the part of the General Assembly, or of the county authorities, and it cannot assume to do so, without putting itself in antagonism as well to the General Assembly as to the county authorities, and erecting a despotism of five men, which is opposed to the fundamental principles of our government and the usage of all times past."

The principle laid down in this often cited case has been consistently adhered to, and never departed from by this Court where the act is clearly within the power of the county authorities, and no fraud, corruption, or oppression is shown.

Affirmed and action dismissed.