On 5 July, 1920, the plaintiffs, J. E. Fowler and P. F. Stevens, and the defendant J. B. Winders conveyed the hotel and lot in Clinton to the plaintiff F. H. Partrick for the sum of $20,000, one-third of which was paid in cash and notes given for the deferred payment secured by deed in trust to A. M. Graham, trustee, and duly recorded.
There being default in payment, Partrick and vendors reached an agreement whereby on 31 March, 1921, Partrick agreed to (106) reconvey the same to said Fowler, Stevens, and Winders, and Partrick executed such deed of reconveyance to Fowler and Stevens, conveying to them a two-thirds undivided interest in said property and surrendered possession to them; but said J. B. Winders declined to accept reconveyance of his one-third interest. Said Fowler, Stevens, and Winders allege that they rented the said property and hotel building to the defendant W. L. Carleton at the price of $150 per month, agreeing, however, that $125 per month should be the rental until certain stipulated repairs were completed. Said repairs were completed about the last of July, 1922, but the defendant Carleton claims that he leased the premises from said Fowler, Stevens, and Winders for three years from and after 1 February, 1922, at the price of $125.
This action asks that the plaintiff Fowler and Stevens and the defendant Winders be declared the owner of said property, free from any encumbrance by reason of the deed of trust, that said trustee Graham be directed to cancel the same, and that the note be canceled and surrendered to said Partrick. Further, that said lands and property be sold for a division by the said Fowler, Stevens, and Winders; that plaintiffs Fowler and Stevens recover of the defendant W. L. Carleton two-thirds of the monthly rental for said premises at the rate of $150 per month from 1 August, 1922, and for the appointment of a receiver to take charge of said premises and have a proper accounting.
M. E. Britt was appointed temporary receiver on 19 October, 1922. The sheriff was directed to put him in possession of the same, but not to disturb W. L. Carleton, the tenant, until his term was decided by a jury. *Page 112 
It was admitted that the defendant W. L. Carleton paid his rents from 1 February, 1922, to 1 August, 1922, at the rate of $125 per month, and made certain repairs, and that about 1 August, 1922, said Partrick, under claim and delivery, took possession of certain furniture in the hotel.
On 6 December, Cranmer, J., entered an order, which was consented to by all parties, that M. E. Britt should be made permanent receiver; that he should sell for cash certain personal property belonging to Fowler, Stevens, and Winders, to wit: certain brick, lumber, paints, etc., left over from the repairs on the hotel, and that the tenant, W. L. Carleton, pay into the clerk's office the rent then due at the rate of $125 per month, two-thirds of the same for the benefit of the plaintiffs Fowler and Stevens, who shall receive the same without prejudice, and that he continue to make such payments monthly and give a solvent bond to be approved by the clerk for such damages as may be recovered against him on account of the rental contract as may be found by the jury upon a final determination of the cause.
On 15 December, 1922, "after notice, and on motion of the (107) defendant W. L. Carleton for modification of the order entered on 6 December, plaintiffs being represented by Henry E. Faison, attorney, and the defendant Carleton being represented by A. M. Graham, attorney, and it appearing to the court that, as contended by the defendant Carleton, he rented the property in question as a furnished hotel, and since the beginning of his term he has been dispossessed of certain furniture which was in the hotel at the time he rented the same, and that he has been compelled to buy other furniture in substitution for that taken from him under claim and delivery by T. H. Partrick, plaintiff, to the amount of $1,285, and it further appearing that the monthly rental for said furnished hotel was $125 per month; and it being further admitted that all rents have been paid in full until 31 July, 1922," it was ordered by the court that the order made 6 December, 1922, be modified by directing that the defendant Carleton, "in lieu of paying monthly rental to the receiver heretofore appointed, shall execute a good and sufficient bond with two sureties to be approved by the clerk of the court in the sum of $1,500, payable to the plaintiffs Fowler and Stevens on condition to be void if the defendant W. L. Carleton shall pay all rents which may be finally adjudged against him for the months intervening from 1 August, 1922, to the month of June, 1923; and beginning with the month of June, 1923, the defendant shall pay the monthly rental of $125 as provided in the former order of 6 December. "From this order modifying the order of 6 December, 1922, the plaintiffs Stevens and Fowler excepted and appealed. *Page 113 
The plaintiffs appealed upon the ground that the consent order could not be modified by the court.
This consent order was an interlocutory order in the cause, and has validity because of the approval of the judge, and was subject to modification by the judge like any other interlocutory order, provided it did not infringe upon the rights of the parties, which does not appear.
The principle that in the absence of fraud and mistake a consent judgment cannot be modified except by consent applies to final judgments; and, also, where a party has acquired rights in the final result which would be jeopardized by a change in the terms of such consent judgment. It has no application where, as in this case, there was an interlocutory judgment for the payment of the rent of a furnished hotel and by reason of the defendant being dispossessed of certain furniture by action of the plaintiffs there has been a material change in the status of the defendant. Both parties being represented, the defendant was permitted to give surety, instead of paying over said rent, (108) until the amount of the deferred rent should aggregate the amount expended in refurnishing the hotel.
The final judgment will determine the contention of the parties, and the acceptance of a bond in lieu of payment of the rents was an interlocutory matter which rested in the discretion of the judge upon the facts found by him as to the change in the status caused by the action of one of the plaintiffs in depriving the defendant of the furniture in the hotel pending the litigation.
Affirmed.
Cited: Hales v. Land Exchange, 219 N.C. 652; Harris v. Hughes,220 N.C. 478.