J. E. COBURN, A TAXPAYER OF FORNEY'S CREEK TOWNSHIP, FOR HIMSELF AND SUCH OTHER TAXPAYERS OF SAID TOWNSHIP AS MAY JOIN WITH HIM IN THIS ACTION, v. THE BOARD OF COUNTY COMMISSIONERS OF SWAIN COUNTY AND THE BOARD OF HIGHWAY COMMISSIONERS OF FORNEY'S CREEK TOWNSHIP.

(Filed 27 January, 1926.)

### 1. Judgments by Consent.

A consent judgment is the agreement of the parties entered as a judgment with the consent of the court, and is binding upon them when they have authority and their consent has been properly given.

### 2. Same—Taxpayers—Township Commissioners—Highways.

The commissioners of a township are without authority to bind the taxpayers of a township by a consent judgment as to the building of a township highway, subject to the will of the officials of another state, and what their honest belief was is immaterial.

3. **Township Commissioners—Delegation of Power—Principal and Agent.**

The township commissioners may not delegate their judicial or dis-cretionary duties to others.

4. **Township Commissioners—Highways—Discretionary Powers—Consent Judgments.**

The location of a township highway is within the discretionary powers of the township commissioners, and it may not be restrained from exercising this power by reason of a consent judgment formerly entered, retaining the cause for further orders, whereunder it had issued bonds and had the money on hand from the sale thereof, for the construction of an interstate highway that had not received legal sanction for its construction from the adjoining state, though it had reasonable assurance that such sanction would ultimately be given.

5. **Same—Courts—"Cause Retained."**

Where a consent judgment reserves the cause for further orders, the court may thereafter modify the order or judgment as conditions may be made to appear, to make such change or modification in conformity with justice and the legal rights of the parties.

6. **Courts—Township Commissioners—Powers—Ultra Vires Acts.**

The courts have the power to restrain the *ultra vires* act of the board of township commissioners.

APPEAL from *Finley, J.,* dissolving restraining order heard 22 April, 1925. From SWAIN. Affirmed.

The findings of the court below are as follows: "This cause again coming on to be heard before his Honor, T. B. Finley, judge holding the courts of the Twentieth Judicial District at Franklin, North Carolina, in pursuance to the continuance of said hearing from Bryson City. Plaintiff and defendant being represented by counsel, upon motion of the defendant, highway commissioners, for a modification of the restraining order heretofore granted and set forth in the decree in this cause, and the same being heard, the court finds the following:

"First. That since the date the original decree and injunction was signed, that the highway described in said decree has been practically completed to Hazel Creek, the point named in said decree.

"Second. That there is no evidence before the court that the highway officials of the State of Tennessee or Blount County, which is the county in Tennessee adjoining Forney's Creek Township, have made any location for a road connecting with the highway through said township, or that any agreement has been made between any of the highway officials of Tennessee or Blount County and the highway officials of Forney's Creek Township, or State of North Carolina, providing for a connection with said road, or that any definite assurance has been given by the road authorities of Tennessee that such a road will be built, or that any

funds are available or appropriated by the State of Tennessee, or any county, township or road district in said state for the building of such road.

"Third. That while there is no evidence that any money has been appropriated by the Tennessee authorities to build a highway in Tennessee connecting with Forney's Creek Township highway, and there is no evidence that an agreement has been entered into between the two states in regard to the building of said road, yet the court finds as a fact that the Tennessee authorities have suggested their willingness to connect with the Forney's Creek highway if same was constructed.

"Fourth. That the North Carolina Highway Commission has approved the location suggested by the highway commissioners of Forney's Creek Township as a State highway to the Tennessee line.

"Fifth. That the highway commissioners of Forney's Creek Township have requested the court that they be permitted to proceed with the construction of the highway of the Tennessee line through the Forney's Creek Township, and now have on hand in the bank at Bryson City money from bonds sold, sufficient for the construction of said highway.

"Sixth. That the highway commissioners of Forney's Creek Township have not abused their discretion, either as to the location or construction of said road.

"Seventh. That the contractor who has had a contract for constructing the road to Hazel Creek is now completing the work, and if the highway commissioners of Forney's Creek Township are permitted to let the contract for the balance of the highway at this time, and before the contractor moves his equipment out of said township, the said commissioners in all probability can save the township a considerable amount by allowing him to bid on the contract.

"Upon the foregoing facts, it is now ordered and adjudged that the restraining order as heretofore set forth and entered in the former decree in this cause be and the same is hereby modified to the extent that the road commissioners of Forney's Creek Township be and they are hereby permitted, without reference to said former order, to proceed with the location and construction of the highway through Forney's Creek Township to the Tennessee line, and the said restraining order, in so far as it affects the construction of said road, be and the same is hereby dissolved."

Plaintiff's assignments of error were as follows:

"1. That the court erred in finding as a fact that Tennessee authorities have suggested their willingness to connect with the Forney's Creek highway if same was constructed, for that there was no evidence to support said finding.

"2. That the court erred in finding as a fact that the North Carolina Highway Commission has approved the location suggested by the highway commissioners of Forney's Creek Township as a State highway to the Tennessee line, for that there was no sufficient evidence to support said finding.

"3. That the court erred in signing the judgment and order dissolving the injunction, for that the same is contrary to the findings of fact and not warranted thereby.

"4. That the court erred in signing any order or judgment vacating or nullifying the original decree, for that under the evidence offered the court had no legal authority to modify or vacate any of the provisions of the same."

The assignments of error and other necessary facts will be considered in the opinion.

*S. W. Black and R. L. Smith & Son for plaintiff.*

*Merrimon, Adams & Adams, A. S. Patterson and Bourne, Parker & Jones for defendant.*

CLARKSON, J. A temporary restraining order was issued by Judge Lane, and the case came on for hearing at the July-August Term, 1923, of Swain County Superior Court before his Honor, Judge Bryson. "When and where it was agreed by counsel for all the parties that the court should hear all the allegations and proofs made and offered, and determine the rights of all the respective parties to this litigation." . . . And being heard, when and where by consent of counsel representing all of the parties the court adjudges as follows: "It is ordered by the court that construction work on the highway now being built in Forney's Creek Township, and fully described in the pleadings herein be suspended at its present terminus at Hazel Creek until route from that point to the Tennessee line shall be selected and approved by the State Highway Commission of North Carolina, so that said road, when completed, shall become a part of an interstate road connecting the highway system of North Carolina with the highway system of the State of Tennessee. . . . This cause is retained upon the civil issue docket of Swain County to the end that the court may make such further orders or decrees as may become necessary for the protection of the rights of all parties."

In March, 1925, the defendants gave notice that they would move before his Honor, T. B. Finley, judge, at the March Term of Swain Superior Court, to vacate the restraining order provided for in the original decree insofar as it restrained the defendants, highway commissioners, from going forward with the construction of the highway

from Hazel Creek to the State line. Upon the hearing of this motion the defendants, by consent, offered in evidence letters set out in the record which were treated as affidavits. They also offered oral testimony and petitions. The plaintiff offered oral testimony to the effect that beyond Hazel Creek to the Tennessee line there were only three or four families owning property of their own; that there were quite a number of people residing between Hazel Creek and the Tennessee line, but these were practically all employees of the Kitchen Lumber Company, whose lumbering operations would be completed in two or three years. Upon this testimony the defendants asked the court to dissolve the original injunction restraining the building of said road beyond Hazel Creek.

Plaintiff contends that the court erred in finding as a fact "that Tennessee authorities have suggested their willingness to connect with the Forney's Creek highway if same was constructed." That there was no evidence to support the finding—we think the finding immaterial. It is well settled law that ordinarily a consent judgment is a binding contract. *Walker v. Walker*, 185 N. C., 380; *Distributing Co. v. Carraway*, 189 N. C., 423; *Smith v. Smith*, 190 N. C., 764.

One of the parties to the consent judgment was a governmental agency —the board of highway commissioners of Forney's Creek Township. *Bank v. Comrs.*, 119 N. C., 226 (cited in the *Distributing Co. case, supra*), says: "Consent judgments are in effect merely contracts of parties, acknowledged in open court and ordered to be recorded. As such they bind the parties themselves thereto as fully as other judgments, but when parties act in a representative capacity such judgments do not bind the *cestuis que trustent* unless the trustees had authority to act, and when (as in the present case) the parties to the action, the town authorities, had, as appears above, no authority to issue the bonds, their honest belief, however great, that they had such power would not authorize them to acquire such power and bind the town by consenting to a judgment. It is not a question of fraudulent judgment but a void judgment from want of authority to consent to a decree to bind principals—the taxpayers—for whom they had no authority to create an indebtedness by consenting to a judgment, any more than they would have had by issuing bonds. If authorized to create the indebtedness, either the bonds or the consent judgment would be equally an estoppel, but as they had no such authority neither bonds nor judgment is binding on the taxpayers. It is not their bond or judgment." *Brown v. R. R.*, 188 N. C., p. 52.

In *Murphy v. Greensboro*, 190 N. C., 277, it was held: "In the next place, it is alleged and admitted by the demurrers that after the bids were opened and before the contract was awarded a committee of three was appointed to determine the award under an agreement that the members of the council would let the contract as the committee should

.recommend. In substance this is an allegation that the councilmen attempted to abdicate their trust by a delegation of their authority. That they were acting in a fiduciary capacity seems not to have been controverted. 'The principle is a plain one,' says Dillon, 'that the public powers or trusts devolved by law or charter upon the council or governing body, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others.' Sec. 244. This principle may not prevent the delegation of duties, which are ministerial; but here the trust committed to the city council involved the exercise of functions which partake of a judicial character and may not be delegated. 2 Dillon on Mun. Corp., sec. 811." *Provision Co. v. Daves,* 190 N. C., p. 7.

In *S. v. Scott,* 182 N. C., 880, it was said: "In *Glenn v. Comrs.,* 139 N. C., 421, our Court said: 'If an *ultra vires* act were being threatened, the courts would enjoin it.' In the following cases it is said when a discretionary power is exercised wrongfully, or transcends the authority of the officers, or is *ultra vires,* or when there is a manifest abuse of discretion, the courts will enforce or enjoin the act, as the case may be, at the suit of a citizen, or taxpayer, and whenever the court has declined to intervene it has been on the ground that the act complained of was *infra vires,*" citing a wealth of authorities. The facts in the above case approbate: Where a statute prescribes the means for the exercise of a power granted by the act, no other or different means can be implied as being more effective or convenient, and the Legislature having incorporated a State Board of Public Accountancy, giving it the power to determine upon examination whether applicants for license therein are qualified to receive them, it is for the courts of the State, upon proper action, to pass upon the question of whether the board acts *ultra vires* in holding an examination beyond the boundaries of the State upon the request of nonresidents desiring to obtain a certificate, and a declaration in the fixing of such place that it would be the last time the board would hold an examination outside the State is not binding or controlling on the question."

This consent judgment was agreed to at July-August Term, 1923. This motion to dissolve the injunction was finally passed on 22 April, 1925. The bonds were sold and the money is now in the bank—sufficient to build this road. Is it possible that the board of highway commissioners of Forney's Creek Township could sell the bonds and perhaps at a lower rate of interest, put the money in the bank, as it has done, and keep it there until the State of Tennessee saw fit to build the connecting link? If this could be done, the fund might be tied up for all time. True the road from Hazel Creek may be a *dead end against the mountains at the Tennessee line*—the location of the road is a matter in the sound discretion of the board of highway commissioners of Forney's

COBURN *v.* COMRS.

Creek Township. The board of highway commissioners of Forney's Creek Township cannot delegate its discretion, stop its work and subject its will to the Tennessee highway officials. Such an attempted act on its part would have been void, *ultra vires* and beyond its power. But from a liberal construction of the judgment or agreement, it would appear that such was not intended as a finality. We find the concluding clause of the judgment (other than cost agreement), as follows: "This cause is retained upon the civil docket of Swain County to the end that the court may make such further orders or decrees as may become necessary for the protection of the rights of all parties."

This consent judgment left a discretionary power in the court to make such orders or decrees *for the protection of the rights of all parties*. It is well settled that for abuse of discretion the courts will control the action of highway commissioners, boards of county commissioners and like governmental agencies, but this is seldom exercised unless conduct, so unreasonable as to amount to an oppressive and manifest abuse, is shown. The court below found as a fact that the highway commissioners have not abused its discretion as to location of the road. The attempted discretion that we here discuss is that which would make illegal and void so much of the consent judgment that requires the suspension of work on the highway in this State until an agreement can be had with the highway officials of the State of Tennessee making a connecting link—an interstate road. We have no doubt that the highway officials of Tennessee will in time make this important connecting link, but the board of highway commissioners of Forney's Creek Township cannot tie up the taxpayers' money in this State until the Tennessee road officials come to an agreement—they most likely will, but suppose they should not?

In *Lassiter v. Comrs.*, 188 N. C., 383, it is said: "Granted the power, it is fully established that its discretionary exercise is for the commissioners, and the courts are not permitted to interfere unless their action is so unreasonable as to amount to an oppressive and manifest abuse. *Peters v. Highway Commission,* 184 N. C., p. 30; *Lee v. Waynesville,* 184 N. C., p. 565; *Newton v. School Committee,* 158 N. C., p. 186-188; *Ward v. Comrs.,* 146 N. C., p. 534; *Brodnax v. Groom,* 64 N. C., p. 244." *Parks v. Board of Comrs.,* 186 N. C., p. 490.

The plaintiff contends that the court erred in finding as a fact: "That the North Carolina Highway Commission has approved the location suggested by the highway commissioners of Forney's Creek Township as a State highway to the Tennessee line." We think this also immaterial from the view we take. This entire matter as to the location of the road in North Carolina was a discretionary power in the board of highway commissioners of Forney's Creek Township. It was not a State

road, and the State Highway Commission had nothing to do with the location of the road. As a matter of policy, it is wise to have mutual coöperation, but this discretionary power of the board of highway commissioners of Forney's Creek Township cannot be delegated. The other assignments of error of plaintiff are covered by the discussion under the first assignment of error.

From the entire record, the judgment below is

Affirmed.