Civil action for recovery on notes secured by mortgage deed and for foreclosure of mortgage under power of sale therein contained.
At May Term, 1939, a consent judgment was entered in favor of plaintiffs against defendant for the amount of indebtedness alleged in the complaint, to the payment of which certain lands described in the judgment were condemned to be sold on Monday, 11 December, 1939, at public auction for cash under the direction of the court, and in which two commissioners were appointed to so sell the land, and in which the cause was remanded to clerk of Superior Court for further orders. Pending advertisement the sale was enjoined, and later the injunction was dissolved. Thereupon, at November Special Term, 1940, the presiding judge entered a judgment, ordering that the lands be sold on Monday, 30 December, 1940, at public auction for cash, and appointing one of the two commissioners named in the consent judgment to make the sale after advertising notice thereof as therein set forth.
In other respects this judgment is in conformity with the consent judgment. The cause is retained for further orders.
Defendant appealed therefrom to Supreme Court and assigns error.
The consent judgment, in so far as it pertained to the sale of the land, was an interlocutory order in the cause, and has validity because of the approval of the judge, and was subject to modification by *Page 652 
the judge like any other such order, provided it did not infringe upon the rights of the parties. See Fowler v. Winders, 185 N.C. 105,116 S.E. 177. Compare Coburn v. Comrs., 191 N.C. 68, 131 S.E. 372.
No encroachment upon rights of parties appears. Hence, the judgment will be
Affirmed.