W. N. HARRISS v. W. D. HUGHES, TRUSTEE, GEORGE H. HOWELL, TRUSTEE, MEARES HARRISS, FRANCES L. HARRISS, AND THE CITY OF WILMINGTON AND COUNTY OF NEW HANOVER.

(Filed 10 December, 1941.)

**1. Mortgages § 33—**

Where a commissioner, appointed to hold a foreclosure sale, advertises and sells the property in conformity with the order, but reports that the last and highest bid is less than the value of the property and recommends a resale, and the clerk orders a resale, the judge of the Superior Court, upon the appeal of one of the trustees from the order of the clerk, has jurisdiction to hear and determine the matter and order a resale at chambers while holding a criminal term of court in the county. Michie's N. C. Code, 598, 637.

**2. Same: Judgments § 24—Court may modify interlocutory consent judgment for sale of land to order resale and appoint substitute commissioners.**

By consent judgment it was ordered that a commissioner selected by agreement should sell the property to satisfy the debt secured by deed of trust, and that the cause should be retained for further orders relative to a resale by the commissioner. The commissioner sold the property in accordance with the order, but reported that the last and highest bid was less than the value of the property and recommended a resale. *Held:* The consent judgment was interlocutory, and the judge of the Superior Court had authority, without consent of the parties, to order a resale, and upon its finding that the commissioner appointed in the consent order was related to one of the trustors, to appoint substitute commissioners to conduct the second sale.

**3. Notice § 3—**

When a party appears at the time and place set for the hearing of a motion in the cause in response to notice served on him, he waives objection that he was not given due notice of the hearing.

**4. Mortgages § 33—**

When the court orders a resale of property sold under foreclosure, the order should require notice of the resale to be published in a newspaper once a week for four successive weeks, and when the order requires such publication once a week for two successive weeks the order will be modified upon appeal.

APPEAL by plaintiff from *Bone, J.,* at July Term, 1941, of NEW HANOVER. Modified and affirmed.

At the December Civil Term of the Superior Court of New Hanover County there was a consent judgment entered before his Honor, Clawson L. Williams, Judge presiding. The decree is in part: "It is further Ordered, Considered and Adjudged by the Court that if the said Commis-

sioner (George H. Howell) should advertise the lands and premises described in the deed of trust from W. N. Harriss and wife, Frances L. Harriss, to George H. Howell, Trustee, for sale, he shall advertise the same at the Court House door and three other public places in the County of New Hanover for thirty days prior to the date of sale and for once a week for four successive weeks in a newspaper published in the City of Wilmington, stating the time, terms and condition of said sale, and that the said Commissioner shall sell the said lands and premises under the circumstances herein set forth at public auction, to the highest bidder, for cash, at the Court House door of New Hanover County at the time and place so to be mentioned in the advertisement of sale for cash; and said Commissioner shall thereafter report his acts and doings under this judgment to the Clerk of the Superior Court who is hereby authorized and empowered, in the event that the bid so made by the purchaser at such sale so made by the Commissioner is not raised in conformity with the provisions of the Statute in such case made and provided, to enter a valid and binding order confirming such sale, and that upon a confirmation by the Clerk under such circumstances the purchaser shall obtain a good and fee simple title to the lands and premises described in said deed of trust. It is further Ordered, Adjudged and Decreed by the Court, by consent, that this cause is retained only for such other and further orders as the Court may determine should be made relative to a re-sale by the Commissioner and the confirmation of the sale by the Clerk."

George H. Howell was, by consent, appointed commissioner to make the sale. The report of the commissioner to the clerk shows, among other things: "That there was a small attendance at said sale, limited, in fact, to the said bidder and two others, the latter presumably spectators; that, in view of the present increased demand for real estate for housing purposes; that by reason of the fine location of said land and premises; and because, in the opinion of your Commissioner, the intrinsic value of the property far exceeds the said bid (the present tax value being $5,510.00. Last year being $6,000.00), and as I am informed, a loan of $6,000.00 was heretofore made with a mortgage on said property as sole security, the ends of justice will be best subserved by a resale of said land and premises, and your Commissioner so recommends. All of which is respectfully submitted, this the 5th day of June, 1941."

The clerk signed a judgment, as follows: "This cause coming on to be heard before the undersigned Clerk of the Superior Court upon the Report of the Commissioner heretofore appointed to make sale of the lands and premises referred to in the judgment heretofore entered, and it appearing to the Court that the Commissioner recommends that the sale be not confirmed upon the ground that the property did not bring its fair value, and the Court having made its own investigation and

finds as a fact that the property sold by the Commissioner did not bring its fair market value at said sale; and the Court being of the opinion that the said sale is in every respect a Judicial sale and so rules as a matter of law. It is therefore, Ordered, Adjudged and Decreed by the Court that the Commissioner heretofore appointed in this cause be, and he is hereby directed to immediately re-advertise and resell the property referred to in the judgment aforesaid in conformity with law, and that the sale heretofore made by the Commissioner be not confirmed. This the 1st day of July, A.D., 1941. T. A. Henderson, Clerk Superior Court."

To the foregoing judgment and ruling of law the defendant, W. D. Hughes, Trustee, excepted and gave notice of appeal in open court.

The supplemental judgment of the clerk is as follows: "In the above cause the undersigned makes the following findings of fact, and makes and includes same as part of the attached original judgment:

"1. That under a Judgment entered by the Honorable Clawson L. Williams, at the December Civil Term, 1940, of the Superior Court of New Hanover County, George H. Howell was appointed Commissioner to sell the lands and premises according to the terms and conditions of said Judgment.

"2. That the said George H. Howell did offer for sale and did sell on June 2, 1941, to the highest bidder for cash, the said lands and premises at and for the sum of Four Thousand Thirty-one and 40/100 ($4,031.40) Dollars, all being done according to the terms and conditions of said Judgment.

"3. That more than ten (10) days have elapsed since the date of the sale, June 3, 1941, and the bid has not yet been raised.

"This the 3rd day of July, 1941. T. A. Henderson, Clerk Superior Court."

And thereupon, on 7 July, 1941, the clerk of the Superior Court transmitted to Judge W. J. Bone the papers in the cause with the following letter: (not necessary to be set forth).

On 19 July, W. D. Hughes, Trustee, served notice on all the interested parties, as follows: "Take notice that the undersigned will on Friday morning, July 25, A.D., 1941, at 9:30 o'clock A.M., appear before and apply to the Honorable Walter J. Bone, Judge holding the Courts of the Eighth Judicial District, at the Superior Court, New Hanover County, for an Order or judgment confirming the sale of the lands and premises belonging to the Plaintiff, W. N. Harriss, and one of the defendants, Frances L. Harriss. The said sale having been made by George H. Howell, Commissioner, on the 3rd day of June, 1941, and no objections and no raise in bid having been made within 10 days of said sale," etc.

On 11 July, Judge Bone, in the Superior Court, entered a judgment, in part, as follows: "Upon consideration of the appeal the Court is of

the opinion that, notwithstanding the provision to the contrary in the decree of foreclosure, the Superior Court Judge having appointed a commissioner to make the sale the question of the confirmation of said sale is one which must be considered and passed upon by the Judge delegated to the Clerk even by consent. The Court, therefore, is further of the opinion that the Clerk had no jurisdiction to determine the matter or to make the order of resale. No motion has been made before the undersigned for a confirmation of said sale or for a resale under the provisions of C. S., 598. It is therefore, Ordered that the Order of Resale heretofore made by the Clerk be and the same is hereby set aside and declared null and void. This the 11th day of July, 1941."

At the July Term, 1941, the following order or judgment was rendered: "This cause comes on to be heard before the undersigned Judge holding the Courts of the Eighth Judicial District, upon motion of the defendant W. D. Hughes, Trustee, for confirmation of the sale held by the Commissioner on June 3rd, 1941. Notice of said motion was caused by the defendant to be served on George H. Howell, Trustee; Frances L. Harriss, W. N. Harriss; Hargrove Bellamy, Mayor of the City of Wilmington, and Addison Hewett, Chairman of the Board of County Commissioners of New Hanover County. No notice was served on any of the other parties. The motion was heard in the Superior Court Room of New Hanover County on Friday, July 25th, 1941, at 9:30 A.M., and at said hearing the defendant W. D. Hughes, and his counsel, A. A. Lennon; the plaintiff W. N. Harriss and his attorney E. K. Bryan; and the Commissioner, George H. Howell, were present. A regular Criminal Term of Superior Court of New Hanover County convened on Monday, July 21st, 1941, with the undersigned Judge presiding, and said term had not adjourned at the time of the hearing of this motion. Hon. E. K. Bryan, Attorney for the Plaintiff, announced that he is making a special appearance and moving to dismiss the motion on the ground that no proper notice of said motion has been served upon him or his client, and that the Court has not jurisdiction to hear the motion. The said motion of plaintiff's attorney is denied, and plaintiff excepts. Statement of said counsel that he was making a special appearance was made after the Court had heard affidavits read by defendant's counsel and testimony of the Commissioner, and after the Court had intimated that it would order a re-sale; however, up to that point plaintiff's counsel had not been called upon for any statement, and it had not become necessary for him to make any. After considering the matter upon the affidavits filed, and after hearing the sworn testimony of the Commissioner, in addition to his report, the Court is of the opinion that the sale ought not to be confirmed, and that a resale should be ordered. The Commissioner stated to the Court, in open Court, that at the time his name was put in the consent judgment as Commissioner he had no

knowledge that same was being done; that he is related to the plaintiff and that he feels embarrassed by reason of such relationship in acting as Commissioner, and would like to be relieved of further duties in the matter. It is now, Therefore, by the Court, Ordered, Adjudged and Decreed that a re-sale of the property described in the complaint, and in controversy in this action, be had, and that George H. Howell, a Commissioner heretofore appointed under the terms of said consent judgment be, and he is hereby, relieved of further duty, and in his place and stead Joseph W. Ruark and E. J. Prevatte are hereby appointed as Commissioners to make said re-sale, they being found by the Court to be fit and competent Commissioners for said purpose. It is Further Ordered and Adjudged, that said re-sale be held on the 15th day of August, 1941, at twelve o'clock, noon, at the Third Street Court House Door, in the City of Wilmington, New Hanover County, North Carolina, and that prior to the date of the re-sale the Commissioners are hereby directed to post a notice of said re-sale at said Court House Door and at three other places in the City of Wilmington; that they cause to be published a notice of said re-sale in the Wilmington *Star-News,* a newspaper published in New Hanover County, once a week for two weeks, and further that said Commissioners shall cause to be printed and distributed a reasonable number (the number to be left to the discretion of the Commissioners) of handbills, giving notice of the time and place of said re-sale, and further that said Commissioners shall report their proceedings to the Court for confirmation. Walter J. Bone, Superior Court Judge."

To the foregoing order or judgment the plaintiff and Meares Harriss excepted, assigned error, and appealed to the Supreme Court.

*E. K. Bryan for plaintiff.*
*No counsel for defendants.*

CLARKSON, J. The plaintiff contends that the question presented is: "Under the Statutes of North Carolina, was the Judge vested with jurisdiction to hear this matter when not calendared for hearing at the July Criminal Term, 1941, of the Superior Court of New Hanover County?" We think so, under the facts and circumstances of this action.

The second assignment of error challenges the correctness of the ruling of the court in changing a consent decree, without first obtaining the consent of all interested parties thereto, and without its being done at a regular term when the case was calendared. Neither of these contentions can be sustained.

The original consent judgment, when the case was in the Superior Court, required the clerk to do certain things, but it went further and stated: "It is further Ordered, Adjudged and Decreed by the Court, by consent, that this cause is retained only for such other and further orders

as the Court may determine should be made relative to a re-sale by the Commissioner and the confirmation of the sale by the Clerk."

In the opinion of the commissioner, after reciting the facts in his report, it is said: "The ends of justice will best be preserved by a re-sale of said land and premises, and your Commissioner so recommends." Upon this report, the clerk ordered the property to be readvertised and sold, "the sale heretofore made by the Commissioner, be not confirmed."

N. C. Code, 1939 (Michie), sec. 598, in part, is as follows: "Sales made by receivers or commissioners appointed by the superior court, unless governed by the provisions of Consolidated Statutes, section two thousand five hundred and ninety-one, as amended, may after ten days from the date of sale, in the absence of objection or raise in bid, be confirmed, or in case of objection or raise in bid, re-sales may be ordered, without notice, in chambers in any county in the judicial district, in which the proceedings are pending, by the resident judge or the judge holding the courts of said district; but this shall not diminish the power of the court in term time to act in such matters as now provided by law where no order has been made under this section."

Section 637: "Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the Clerk, in which case he may do so." *Hall v. Artis,* 186 N. C., 105; *Wynne v. Conrad, ante,* 355.

We think that the consent decree, liberally construed, gives the court supervisory power in the matter.

In *Hales v. Land Exchange,* 219 N. C., 651 (651-2), it is written: "The consent judgment, in so far as it pertained to the sale of the land, was an interlocutory order in the cause, and has validity because of the approval of the judge, and was subject to modification by the judge like any other such order, provided it did not infringe upon the rights of the parties. See *Fowler v. Winders,* 185 N. C., 105, 116 S. E., 177. Compare *Coburn v. Comrs.,* 191 N. C., 68, 131 S. E., 372. No encroachment upon rights of parties appears."

In *Coburn v. Comrs., supra,* it is held: When a consent judgment reserves the cause for further orders, the court may thereafter modify the order or judgment as conditions be made to appear, to make such change or modification in conformity with justice and the legal rights of the parties.

The appealing plaintiff says that he was not given proper notice. We think the facts set forth in the order or judgment of the court below

showed a waiver. The consent decree says that the commissioner (George H. Howell) "Shall advertise the same at the Court House door and three other public places in the County of New Hanover for thirty days prior to the date of sale and for once a week for four successive weeks in a newspaper published in the City of Wilmington," etc.

The order or judgment appealed from says: "The Commissioner stated to the Court, in open Court, that at the time his name was put in the consent judgment as Commissioner he had no knowledge that same was being done; that he is related to the plaintiff and that he feels embarrassed by reason of such relationship in acting as Commissioner, and would like to be relieved of further duties in the matter." On this statement, the court below relieved Mr. Howell of further duty in the matter, "And in his place and stead Joseph W. Ruark and E. J. Prevatte are hereby appointed as Commissioners to make said re-sale, they being found by the Court to be fit and competent Commissioners for said purpose."

The order only requires publication once a week for two weeks in a newspaper. We think it should give thirty days, etc., as required in the consent decree and four successive weeks in the newspaper.

For the reasons given, the judgment in the court below is

Modified and affirmed.